IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIERRA INTERNATIONAL MACHINERY, INC., | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 04-AR-3402-S |
| v. | } } | |
| BANCPARTNERS LEASING, INC., et al., | } } } | |
| Defendants. | } | |

**MEMORANDUM OPINION AND ORDER**

On December 15, 2005, the court heard oral argument on two motions: (1) the motion of defendant, BancPartners Leasing, Inc. ("BancPartners"), for reconsideration of, or alternatively, amendment to the partial summary judgment entered against it on November 15, 2005; and (2) the motion of defendant, Bloch Metals, Inc. ("Bloch"), to reconsider the same order insofar as it entered summary judgment against it in favor of BancPartners. Plaintiff, Sierra International Machinery, Inc. ("Sierra"), has voiced no objection to Bloch's motion, but strenuously resists BancPartners's motion. Defendant, AmSouth Bank, N.A. ("AmSouth"), remains silent. This makes sense since no relief was granted against AmSouth and it sought no relief against any other party.

During oral argument, the court conceded Bloch's contention that the amount of any sum that Bloch may owe to BancPartners is not undisputed and that the court erred on November 15, 2005, when it found to the contrary. The court asked Bloch on or before

December 31, 2005, to submit to the court the arithmetic by which the court can arrive at the correct amount of the obligation owed by Bloch to BancPartners, conceding only for the sake of the argument that the court's rationale for establishing Bloch's liability to BancPartners was not erroneous.  Bloch has not done what the court asked.  This leaves the court to do its own arithmetic, or to accept the self-serving monetary figure set forth on the last invoice from BancPartners to Bloch, or to set the case for jury trial on the question of the amount of Bloch's obligation to BancPartners, that is, in the event the court disagrees with Bloch's contention that it owes nothing to BancPartners.  Because the court believes that it was correct when it found Bloch contractually obligated to BancPartners, and because the amount of the obligation is beyond this court's competence, and because a jury has been demanded, the court will set the case for jury trial on the question of the amount owed by Bloch to BancPartners.  The jury will hear evidence bearing on the arithmetic by which the parties arrive at their respective versions of the principal sum owed, minus the offset for rents, plus the interest to date that has accrued on the resulting sum, and a reasonable attorney's fee for BancPartners.  At trial, Bloch will not be allowed any defense based on its contention that any claim against it under the overall circumstances is the claim of Amsouth and not of BancPartners.  The right of AmSouth, if any, to any proceeds from the anticipated

judgment in favor of BancPartners and against Bloch is not a question before the court.  Likewise, because Sierra's claim for attorneys' fees on its present judgment of $113,041.80 against BancPartners is a jury triable issue, it will also be set for trial, using the same jury, that is unless the parties agree on the attorney's fee or Sierra waives its claim for an attorney's fee, in which event the court will enter a final judgment under Rule 54(b) in favor of Sierra.  **To the extent of the foregoing holdings**, both motions for reconsideration are PARTIALLY GRANTED, and PARTIALLY DENIED, and the order and memorandum opinion entered on November 15, 2005, are AMENDED accordingly.  This, of course, means that the monetary judgment entered against Bloch on November 15, 2005, is VACATED.  Because AmSouth is no longer a party, it will no longer participate.

The case will be called for jury trial in Birmingham **at 9:00 a.m. on February 13, 2006**.  The court sees no reason for conducting a pretrial conference on the issues as limited hereinabove.  However, the parties shall **by 4:30 p.m., February 10, 2006**, submit to the court chambers their proposed *voir dire*, if any, and their proposed special jury interrogatories, if any, and **on or before February 3, 2006,** they shall swap and file with the Clerk a list of their witnesses, both fact witnesses and expert witnesses, and their exhibits.

DONE this 10th day of January, 2006.

```
                                    _____
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE
```